1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                    * * *
                                       )
9    LESLIE J. SHAW,                    )
                                       )
10                 Plaintiff,          )          3:13-CV-0445-LRH-VPC
                                       )
11   v.                                )
                                       )          ORDER
12   CITIMORTGAGE, INC.; et al.,       )
                                       )
13                 Defendants.         )
     _____ )

14

15          Before the court is defendant Northwest Trustee Services, Inc.'s ("NTS") motion to dismiss

16   plaintiff Leslie J. Shaw's ("Shaw") second amended complaint (Doc. #109[1]). Doc. #110. Plaintiff

17   Shaw filed an opposition (Doc. #114) to which NTS replied (Doc. #116).

18          Also before the court is defendant NTS's objection to the Magistrate Judge's June 11, 2014

19   order denying NTS's motion to quash (Doc. #75). Doc. #77.

20   **I.     Facts and Procedural History**

21          This is a wrongful foreclosure and breach of contract action brought by Shaw against

22   defendants. In 2003, Shaw obtained a residential loan from non-party Lehman Brothers Bank

23   ("Lehman Brothers") for a property located in Zephyr Cove, Nevada. The loan was secured by a

24   promissory note and deed of trust in favor of Lehman Brothers. Shortly thereafter, the loan was

25

26          _____
                   [1] Refers to the court's docket entry number.

transferred from Lehman Brothers to defendant the Bank of New York in its trust capacity. At that time, defendant NTS was listed as the trustee under the deed of trust.

Shaw initially made the requisite mortgage payments to non-party Aurora Loan Services (who acted as loan servicer until June 2005) and then to defendant CitiMortgage, Inc. ("CitiMortgage") until the end of 2011. In late 2011, Shaw defaulted on his loan obligations. Defendant CitiMortgage then instructed NTS to commence foreclosure proceedings. On January 3, 2013, NTS recorded a notice of default and election to sell.

Subsequently, on July 26, 2013, Shaw filed a complaint against defendants for wrongful foreclosure. Doc. #1, Exhibit 1. Shaw filed an amended complaint (Doc. #52) and then a second amended complaint (Doc. #109). In his second amended complaint Shaw alleges eight (8) causes of action against defendants: (1) declaratory relief against defendant Bank of New York; (2) declaratory relief against defendant CitiMortgage; (3) breach of contract; (4) breach of the covenants of good faith and fair dealing; (5) fraudulent misrepresentation; (6) negligent misrepresentation; (7) interference with prospective economic advantage; and (8) violation of the Real Estate Settlement Procedures Act. Doc. #109. Thereafter, NTS filed the present motion to dismiss Shaw's second amended complaint. Doc. #110

**II.    Legal Standard**

NTS seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.   Motion to Dismiss**

    **A.  Breach of Contract and Breach of Implied Covenants**

To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

Further, under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d

9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, it is undisputed that there is no contract between Shaw and NTS. Absent a contract there can be no breach. Therefore the court finds that Shaw fails to state a claim for either breach of contract or breach of the implied covenants of good faith and fair dealing against defendant NTS.

**B.  Fraudulent and Negligent Misrepresenation**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

In his second amended complaint, Shaw fails to allege that defendant NTS made any misrepresentations, either fraudulent or negligent, concerning Shaw's loan modification. As such, Shaw fails to meet the heightened pleading standard for fraud under Rule 9(b) as it relates to defendant NTS. Therefore, the court shall grant NTS's motion as to these claims.

**C.  Interference with Prospective Economic Advantage**

Shaw's claim for intentional interference with prospective economic advantage relates solely to CitiMortgage's alleged failure to negotiate and approve a short sale of Shaw's property. Defendant NTS, as trustee under the deed of trust, had no power or authority to negotiate or approve a short sale. Therefore, the court shall grant NTS's motion as to this claim.

**D. Real Estate Settlement Procedures Act**

The Real Estate Settlement Procedures Act ("RESPA") entitles homeowners, upon submission of a qualified written request, to the contact information for an owner or assignee of a mortgage loan for residential property. 12 U.S.C. § 2605(k)(1)(D).

Here, it is undisputed that Shaw did not send a qualified written request to defendant NTS. Therefore, the court finds that Shaw has failed to state a claim for RESPA violation against defendant NTS. Accordingly, the court shall grant NTS's motion as to this claim.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #110) is GRANTED. Defendant Northwest Trustee Services, Inc. is DISMISSED as a defendant in this action.

IT IS FURTHER ORDERED that defendant's objection to the Magistrate Judge's order (Doc. #77) is DENIED as moot.

IT IS SO ORDERED.

DATED this 13th day of January, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE