1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                      * * *
                                        )
9    LESLIE J. SHAW,                     )
                                        )
10              Plaintiff,               )          3:13-CV-0445-LRH-VPC
                                        )
11   v.                                  )
                                        )          ORDER
12   CITIMORTGAGE, INC.; *et al.*,        )
                                        )
13              Defendants.              )
     _____)

14

15          Before the court is defendants CitiMortgage, Inc. ("CitiMortgage") and Bank of New York

16   Mellon's ("BNY") motion to dismiss plaintiff Leslie J. Shaw's ("Shaw") second amended

17   complaint (Doc. #109[1]). Doc. #113. Plaintiff Shaw filed an opposition (Doc. #117) to which

18   moving defendants replied (Doc. #119).

19   **I.      Facts and Procedural History**

20          This is a wrongful foreclosure and breach of contract action brought by Shaw against

21   defendants. In 2003, Shaw obtained a residential loan from non-party Lehman Brothers Bank

22   ("Lehman Brothers") for a property located in Zephyr Cove, Nevada. The loan was secured by a

23   promissory note and deed of trust in favor of Lehman Brothers. Shortly thereafter, the loan was

24   transferred from Lehman Brothers to defendant the Bank of New York in its trust capacity. At that

25   time, defendant NTS was listed as the trustee under the deed of trust.

26
     _____

              [1] Refers to the court's docket entry number.

Shaw initially made the requisite mortgage payments to non-party Aurora Loan Services (who acted as loan servicer until June 2005) and then to defendant CitiMortgage, Inc. ("CitiMortgage") until 2011. In May 2011, Shaw and CitiMortgage allegedly entered into a loan modification agreement that reduced the monthly mortgage payments for the property. In July 2011, CitiMortgage allegedly repudiated the agreement and forwarded Shaw a new modification agreement. Shaw refused this new agreement and CitiMortgage allegedly resolved Shaw's mortgage account and re-booked his payments under the original May 2011 modification agreement. In December 2011, CitiMortgage again allegedly repudiated the May 2011 loan modification agreement. Thereafter, Shaw refused to make any loan payments and CitiMortgage initiated non-judicial foreclosure proceedings on the property.

Subsequently, on July 26, 2013, Shaw filed a complaint against defendants for wrongful foreclosure. Doc. #1, Exhibit 1. Shaw filed an amended complaint (Doc. #52) and then a second amended complaint (Doc. #109). In his second amended complaint Shaw alleges eight (8) causes of action against defendants: (1) declaratory relief against defendant Bank of New York; (2) declaratory relief against defendant CitiMortgage; (3) breach of contract; (4) breach of the covenants of good faith and fair dealing; (5) fraudulent misrepresentation; (6) negligent misrepresentation; (7) interference with prospective economic advantage; and (8) violation of the Real Estate Settlement Procedures Act. Doc. #109. Thereafter, defendants BNY and CitiMortgage filed the present motion to dismiss Shaw's second amended complaint. Doc. #113.

## II.   Legal Standard

Defendants seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require

1  detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

2  formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

3  Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4       Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

5  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

6  *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

7  the court to draw the reasonable inference, based on the court's judicial experience and common

8  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

9  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

10 defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

11 defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

12 relief." *Id.* at 1949 (internal quotation marks and citation omitted).

13      In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

14 true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

15 the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

16 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

17 (internal quotation marks omitted). The court discounts these allegations because "they do nothing

18 more than state a legal conclusion—even if that conclusion is cast in the form of a factual

19 allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

20 dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

21 plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

22 **III.   Discussion**

23      **A.  Declaratory Relief as to Defendant BNY**

24      In his complaint, Shaw challenges the assignment and transfer of his initial mortgage note

25 and deed of trust from non-party Lehman Brothers to defendant BNY. However, this claim fails as

26 a matter of law because a borrower lacks standing to challenge the transfer of his loan pursuant to a

1   Pooling and Service Agreement ("PSA"). *See Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014)

2   (holding that a homeowner, "who is neither a party to the PSA nor an intended third-party

3   beneficiary, lacks standing to challenge the validity of the loan assignment."). Because Shaw was

4   not a party to the PSA, he lacks standing to challenge the assignment. Therefore, the court shall

5   grant defendants' motion as to this issue and dismiss BNY as a defendant.

6   **B.  Declaratory Relief as to Defendant CitiMortgage**

7   In his complaint, Shaw seeks an order from the court declaring the initial May 2011 loan

8   modification agreement a permanent and enforceable loan modification agreement. As the

9   existence and validity of the loan agreement is squarely at issue in several of Shaw's claims, the

10  court finds that it is premature to determine which loan modification agreement, if any, is the valid

11  and enforceable agreement. Therefore, the court shall not address this claim at this time.

12  **C.  Breach of Contract and Breach of Implied Covenants**

13  To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a

14  valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach.

15  *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *Brown v. Kinross Gold*

16  *U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008).

17  Further, under Nevada law, "[e]very contract imposes upon each party a duty of good faith

18  and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d

19  9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for

20  breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the

21  plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and

22  fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner

23  unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.

24  *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (citing *Hilton Hotels Corp. v. Butch Lewis*

25  *Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

26  ///

4

In their motion, defendants argue that Shaw has failed to prove the existence of an enforceable loan modification agreement because there was no consideration by CitiMortgage for the modification. However, CitiMortgage's argument is more appropriate for summary judgment when the parties can submit evidence on the issue of consideration. At this time, it is sufficient that Shaw alleges that he and CitiMortgage entered into a final and binding loan modification agreement in May 2011 that permanently reduced his mortgage payments and that CitiMortgage repeatedly repudiated that agreement. Based on the allegations in the second amended complaint, the court finds that Shaw has asserted a valid and viable cause of action for breach of contract and breach of the implied covenants of good faith and fair dealing. Therefore, the court shall deny defendants' motion to dismiss these claims.

**D. Fraudulent and Negligent Misrepresentation**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007), *see also, Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

In their motion to dismiss, defendants argue that Shaw has failed to allege either of his fraud claims with sufficient particularity to meet the heightened pleading standard of Rule 9(b). The court agrees. In his complaint, Shaw makes general allegations about various representations CitiMortgage made about reinstating the original May 2011 loan modification agreement. However, Shaw fails to plead these misrepresentations with particularity. In his second amended complaint, Shaw only generally alleges the time and place of CitiMortgage's misrepresentations. Further, Shaw only generally alleges the content of the misrepresentations which is insufficient under Rule 9(b). Therefore, the court finds that Shaw fails to plead these claims with the requisite

particularity and shall grant defendants' motion accordingly.

**E.  Interference with Prospective Economic Advantage**

Shaw's claim for intentional interference with prospective economic advantage relates solely to CitiMortgage's alleged failure to negotiate and approve a short sale of Shaw's property.

Generally, a loan servicer like CitiMortgage has no duty to approve a short sale. *See Blanford v. Suntrust Mortgage, Inc.*, 2012 U.S. Dist. LEXIS 141666, *11 (D. Nev. 2012). However, in this action Shaw alleges that CitiMortgage specifically requested that Shaw put his home on the market as a short sale and directly forward any offer to CitiMortgage's counsel, only to ignore the offers Shaw received and forwarded to counsel. Thus, in contrast to the *Blanford* case, Shaw has alleged that CitiMortgage created a duty to consider and respond to short sale offers by affirmatively requesting that Shaw list the house as a short sale. Therefore, the court shall deny defendants' motion as to this claim.

**F.  Real Estate Settlement Procedures Act**

In his last cause of action, Shaw alleges that CitiMortgage violated the Real Estate Settlement Procedures Act ("RESPA") when it failed to provide Shaw with certain contact information about his residential home loan lender upon receiving a qualified written request. *See* 12 U.S.C. § 2605(k)(1)(D) (entitling homeowners, upon submission of a qualified written request, to the contact information for an owner or assignee of a mortgage loan for residential property. 12 U.S.C. § 2605(k)(1)(D).

In his second amended complaint, Shaw alleges that he sent a letter to the address provided to him on the notice of default and election to sell, and that in response to his letter, CitiMortgage advised him that it would treat his letter as a qualified written request under RESPA. Shaw alleges, however, that he did not receive any information regarding the identity of, or contract information for, the lender in response to his letter.

In its motion to dismiss, CitiMortgage argues that because Shaw wishes to negotiate a loan modification on his non-performing loan, the relevant contact information is necessarily that of

CitiMortgage. However, whether Shaw had the requisite information is an issue of fact not properly addressed in a motion to dismiss. Therefore, the court finds that Shaw has sufficiently alleged a claim for violation of RESPA and the court shall deny defendants' motion accordingly.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #113) is GRANTED in-part and DENIED in-part in accordance with this order.

IT IS FURTHER ORDERED that defendant Bank of New York Mellon is DISMISSED as a defendant in this action.

IT IS FURTHER ORDERED that plaintiff's fifth cause of action for fraudulent misrepresentation and sixth cause of action for negligent misrepresentation are DISMISSED from plaintiff's second amended complaint (Doc. #109).

IT IS SO ORDERED.

DATED this 4th day of February, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE