UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| LESLIE J. SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | 3:13-CV-0445-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CITIMORTGAGE, INC.; *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is defendant Bank of New York Mellon's ("BNY") motion for attorney's fees. Doc. #130.[1] Plaintiff Leslie J. Shaw ("Shaw") filed an opposition (Doc. #135) to which BNY replied (Doc. #136).

**I.    Facts and Procedural History**

This is a wrongful foreclosure and breach of contract action brought by Shaw against defendants. In 2003, Shaw obtained a residential loan from non-party Lehman Brothers Bank ("Lehman Brothers") for a property located in Zephyr Cove, Nevada. The loan was secured by a promissory note and deed of trust in favor of Lehman Brothers. Shortly thereafter, the loan was transferred from Lehman Brothers to defendant BNY in its trust capacity. At that time, defendant Northwest Trustee Services, Inc. was listed as the trustee under the deed of trust.

///

---

[1] Refers to the court's docket entry number.

Shaw initially made the requisite mortgage payments to non-party Aurora Loan Services (who acted as loan servicer until June 2005) and then to defendant CitiMortgage, Inc. ("CitiMortgage") until 2011. In May 2011, Shaw and CitiMortgage allegedly entered into a loan modification agreement that reduced the monthly mortgage payments for the property. In July 2011, CitiMortgage allegedly repudiated the agreement and forwarded Shaw a new modification agreement. Shaw refused this new agreement and CitiMortgage allegedly resolved Shaw's mortgage account and re-booked his payments under the original May 2011 modification agreement. In December 2011, CitiMortgage again allegedly repudiated the May 2011 loan modification agreement. Thereafter, Shaw refused to make any loan payments and CitiMortgage initiated non-judicial foreclosure proceedings on the property.

Subsequently, on July 26, 2013, Shaw filed a complaint against defendants for wrongful foreclosure. Doc. #1, Exhibit 1. Shaw filed an amended complaint (Doc. #52) and then a second amended complaint (Doc. #109). In his second amended complaint Shaw alleged eight (8) causes of action against defendants: (1) declaratory relief against defendant Bank of New York; (2) declaratory relief against defendant CitiMortgage; (3) breach of contract; (4) breach of the covenants of good faith and fair dealing; (5) fraudulent misrepresentation; (6) negligent misrepresentation; (7) interference with prospective economic advantage; and (8) violation of the Real Estate Settlement Procedures Act. Doc. #109. In response, defendant BNY filed a motion to dismiss Shaw's second amended complaint (Doc. #113) which was granted by the court (Doc. #128). Thereafter, BNY filed the present motion for attorney's fees. Doc. #130.

**II.     Discussion**

BNY seeks an award of attorney's fees of $34,413.69 pursuant to NRS §18.010(2)(b). *See* Doc. #130. NRS §18.010(2)(b) provides that a prevailing party can obtain an award of attorney's fees if a court finds that the action against that party was "brought or maintained without reasonable ground[s]." Under NRS 18.010(2)(b), an award of attorney's fees is discretionary. *Foley v. Morse & Mowbray*, 848 P.2d 519, 524 (1993). However, in evaluating the court's discretion, the statute

expressly states that "the court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations." NRS §18.010(2)(b).

Here, the court finds that the second amended complaint filed on August 25, 2014, was not brought with reasonable grounds against BNY. In his second amended complaint, Shaw's sole claim against defendant BNY was a challenge to the assignment and transfer of his initial mortgage note and deed of trust from non-party Lehman Brothers to BNY. However, as the court found in its order granting BNY's motion to dismiss, a borrower lacks standing to challenge the transfer of his loan pursuant to a Pooling and Service Agreement ("PSA") as a matter of law. *See* Doc. #130; *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (holding that a homeowner, "who is neither a party to the PSA nor an intended third-party beneficiary, lacks standing to challenge the validity of the loan assignment."). As the binding decision in *Wood* had been issued prior to the filing of Shaw's second amended complaint, the court finds that Shaw had no reasonable grounds to challenge the assignment and transfer of his mortgage note and deed of trust nor did he have reasonable grounds to keep BNY as a defendant in this action. Therefore, the court finds that an award of attorney's fees is appropriate in this action under NRS §18.010(2)(b).

However, the court also finds that the present motion for attorney's fees fails to comply with LR 54-16. Pursuant to LR 54-16(b)(1), a motion for attorney's fees must contain a "reasonable itemization and description of the work performed." In the motion for attorney's fees, BNY's counsel provides a general breakdown of all work that counsel has done in this case on behalf of both its clients: defendant BNY and defendant CitiMortgage. Counsel then requests 50% of this billed time on behalf of BNY. However, counsel's general itemization does not fall within the "reasonable itemization" confines of LR 54-16. The local rule contemplates a thorough breakdown of time including identifying the individuals who provided the work, what was being worked on, which defendant the work was being done for, and the amount of time spent on the particular item. Because counsel for BNY has failed to provide such a reasonable itemization, the court shall require BNY to file a supplement to the present motion for attorney's fees that properly complies

3

with LR 54-16. The court notes, however, that time spent drafting the supplement shall not be recoverable. Further, the court limits its award of attorney's fees to only that work completed on behalf of defendant BNY since the date of the filing of the second amended complaint.

IT IS THEREFORE ORDERED that defendant's motion for attorney's fees (Doc. #130) is GRANTED. Defendant Bank of New York Mellon shall have ten (10) days from entry of this order to file a supplement to the present motion for attorney's fees in accordance with this order. Plaintiff Leslie J. Shaw shall then have ten (10) days from the filing of the supplement to file a response, if any. Defendant Bank of New York Mellon shall then have five (5) days to file a reply.

IT IS SO ORDERED.

DATED this 11th day of May, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE