UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LESLIE J. SHAW,<br><br>    Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC.; *et al.*,<br><br>    Defendants. | 3:13-CV-0445-LRH-VPC<br><br>ORDER |

Before the court is defendant Bank of New York Mellon's ("BNY") supplemental motion for attorney's fees filed in response to the court's order initially granting attorney's fees (Doc. #144[1]). Doc. #145. Plaintiff Leslie J. Shaw ("Shaw") filed an opposition (Doc. #147) to which BNY replied (Doc. #149).

**I.   Facts and Procedural History**

This is a wrongful foreclosure and breach of contract action brought by Shaw against defendants. In 2003, Shaw obtained a residential loan from non-party Lehman Brothers Bank ("Lehman Brothers") for a property located in Zephyr Cove, Nevada. The loan was secured by a promissory note and deed of trust in favor of Lehman Brothers. Shortly thereafter, the loan was transferred from Lehman Brothers to defendant BNY in its trust capacity.

---

[1] Refers to the court's docket entry number.

1    Shaw initially made the requisite mortgage payments to non-party Aurora Loan Services
2 (who acted as loan servicer until June 2005) and then to defendant CitiMortgage, Inc.
3 ("CitiMortgage") until 2011. In May 2011, Shaw and CitiMortgage allegedly entered into a loan
4 modification agreement that reduced the monthly mortgage payments for the property. In July
5 2011, CitiMortgage allegedly repudiated the agreement and forwarded Shaw a new modification
6 agreement. Shaw refused this new agreement and CitiMortgage allegedly resolved Shaw's
7 mortgage account and re-booked his payments under the original May 2011 modification
8 agreement. In December 2011, CitiMortgage again allegedly repudiated the May 2011 loan
9 modification agreement. Thereafter, Shaw refused to make any loan payments and CitiMortgage
10 initiated non-judicial foreclosure proceedings on the property.
11    Subsequently, on July 26, 2013, Shaw filed a complaint against defendants for wrongful
12 foreclosure. Doc. #1, Exhibit 1. Shaw filed an amended complaint (Doc. #52) and then a second
13 amended complaint (Doc. #109). In his second amended complaint Shaw alleged eight (8) causes
14 of action against defendants: (1) declaratory relief against defendant Bank of New York;
15 (2) declaratory relief against defendant CitiMortgage; (3) breach of contract; (4) breach of the
16 covenants of good faith and fair dealing; (5) fraudulent misrepresentation; (6) negligent
17 misrepresentation; (7) interference with prospective economic advantage; and (8) violation of the
18 Real Estate Settlement Procedures Act. Doc. #109. In response, defendant BNY filed a motion to
19 dismiss Shaw's second amended complaint (Doc. #113) which was granted by the court
20 (Doc. #128). After dismissal, BNY filed a motion for attorney's fees (Doc. #130) which was
21 granted by the court (Doc. #144). As part of the court's order, defendant BNY was directed to file a
22 supplemental motion for attorney's fees limiting the request for fees to work conducted after the
23 filing of the second amended complaint. *See* Doc. #144. Thereafter, BNY filed the present
24 supplemental motion for attorney's fees. Doc. #145.
25 ///
26 ///

**II.     Discussion**

In its supplemental motion, BNY seeks an award of attorney's fees of $24,243.36 for work rendered in this action between April 7, 2014 and December 29, 2014. *See* Doc. #146, Decl. Andrew Bao. The court has reviewed the supplemental motion and finds that it fails to comply with the court's order granting BNY's initial motion for attorney's fees. In that order, the court specifically limited the award of attorney's fees to work completed on behalf of defendant BNY "since the date of the filing of the second amended complaint" on August 25, 2014. Doc. #144. Defendant BNY has failed to follow the court's order. In its supplemental motion, BNY seeks fees for work completed as early as April 7, 2014. Further, the vast majority of BNY's requested fees - over $18,000 - is for work completed prior to the filing of the second amended complaint.

Normally, the court would be inclined to simply adjust the requested fee amount to those amounts accrued after August 25, 2014, to comply with the court's order, however, BNY did not provide the requisite time breakdown as required by LR 54-16. Pursuant to LR 54-16(b)(1), a motion for attorney's fees must contain a "reasonable itemization and description of the work performed." In the supplemental motion for attorney's fees, BNY's counsel provides a general breakdown of all work that counsel has done in this case since April 7, 2014, and grouped the requested fees into billing times. But such a general itemization does not fall within the "reasonable itemization" confines of LR 54-16. Moreover, BNY's general itemization makes it impossible for the court to adjust the requested fees for work that occurred after the filing of the second amended complaint.

The court finds that BNY's failure to comply with the court's order and LR 54-16 was willful. The court's prior order was clear that the supplemental motion for attorney's fees was to be limited to work conducted after the filing of the second amended complaint. *See* Doc. #145. Further, the order was clear that the supplemental motion was to comply with LR 54-16. *Id*. However, despite the court's specific language, BNY is seeking fees well beyond the scope of the court's order. Thus, the court finds that defendant BNY willfully failed to comply with the court's

3

1  order and is not in compliance with LR 54-16. Therefore, due to BNY's failure to comply with the
2  court's order, the court shall deny BNY's supplemental motion for attorney's fees and shall not
3  award defendant BNY attorney's fees in this action.

5      IT IS THEREFORE ORDERED that defendant's supplemental motion for attorney's fees
6  (Doc. #145) is DENIED.
7      IT IS SO ORDERED.
8      DATED this 24th day of June, 2015.

                                               _____
                                               LARRY R. HICKS
                                               UNITED STATES DISTRICT JUDGE

4