1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                        * * *
                                         )
9  LESLIE J. SHAW,                       )
                                         )
10               Plaintiff,              )        3:13-CV-0445-LRH-VPC
                                         )
11  v.                                   )
                                         )        ORDER
12  CITIMORTGAGE, INC.; *et al.*,        )
                                         )
13               Defendants.             )
   _____)

14

15        Before the court is defendant Northwest Trustee Services, Inc.'s ("NTS") motion for

16  attorney's fees. Doc. #127.[1] Plaintiff Leslie J. Shaw ("Shaw") filed an opposition (Doc. #129) to

17  which NTS replied (Doc. #132).

18  **I.      Facts and Procedural History**

19        This is a wrongful foreclosure and breach of contract action brought by Shaw against

20  defendants. In 2003, Shaw obtained a residential loan from non-party Lehman Brothers Bank

21  ("Lehman Brothers") for a property located in Zephyr Cove, Nevada. The loan was secured by a

22  promissory note and deed of trust in favor of Lehman Brothers. Shortly thereafter, the loan was

23  transferred from Lehman Brothers to defendant BNY in its trust capacity. At that time, defendant

24  NTS was listed as the trustee under the deed of trust.

25  ///

26

_____

[1] Refers to the court's docket entry number.

Shaw initially made the requisite mortgage payments to non-party Aurora Loan Services (who acted as loan servicer until June 2005) and then to defendant CitiMortgage, Inc. ("CitiMortgage") until 2011. In May 2011, Shaw and CitiMortgage allegedly entered into a loan modification agreement that reduced the monthly mortgage payments for the property. In July 2011, CitiMortgage allegedly repudiated the agreement and forwarded Shaw a new modification agreement. Shaw refused this new agreement and CitiMortgage allegedly resolved Shaw's mortgage account and re-booked his payments under the original May 2011 modification agreement. In December 2011, CitiMortgage again allegedly repudiated the May 2011 loan modification agreement. Thereafter, Shaw refused to make any loan payments and CitiMortgage initiated non-judicial foreclosure proceedings on the property.

Subsequently, on July 26, 2013, Shaw filed a complaint against defendants for wrongful foreclosure. Doc. #1, Exhibit 1. Shaw filed an amended complaint (Doc. #52) and then a second amended complaint (Doc. #109). In his second amended complaint Shaw alleged eight (8) causes of action against defendants: (1) declaratory relief against defendant Bank of New York; (2) declaratory relief against defendant CitiMortgage; (3) breach of contract; (4) breach of the covenants of good faith and fair dealing; (5) fraudulent misrepresentation; (6) negligent misrepresentation; (7) interference with prospective economic advantage; and (8) violation of the Real Estate Settlement Procedures Act. Doc. #109. In response, defendant NTS filed a motion to dismiss Shaw's second amended complaint (Doc. #110) which was granted by the court (Doc. #124). Thereafter, NTS filed the present motion for attorney's fees. Doc. #127.

**II.    Discussion**

**A.  Attorneys' Fees**

NTS seeks an award of attorneys' fees in the amount of $25,017.00 pursuant to NRS §18.010(2)(b). *See* Doc. #127. NRS §18.010(2)(b) provides that a prevailing party can obtain an award of attorney's fees if the court finds that the action against that party was "brought or maintained without reasonable ground[s]." Generally, an award of attorney's fees under

1    NRS §18.010(2) is discretionary. *Foley v. Morse & Mowbray*, 848 P.2d 519, 524 (1993). However,

2    in evaluating the court's discretion, the statute expressly states that "the court shall liberally

3    construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate

4    situations." NRS §18.010(2)(b).

5         Here, the court finds that the second amended complaint was not brought with reasonable

6    grounds against defendant NTS. In his second amended complaint, Shaw alleged several causes of

7    action against defendant NTS. *See* Doc. #109. However, in each case, Shaw failed to allege a single

8    claim upon which relief could be granted. *See* Doc. #124. For example, Shaw alleged breach of

9    contract and breach of the implied covenants of good faith and fair dealing claims. Yet, in both

10   instances it was undisputed that defendant NTS was not party to any contract with Shaw. Further,

11   Shaw alleged claims for fraudulent and negligent misrepresentation but failed to allege any

12   statements made by NTS. In fact, the majority of allegations in Shaw's complaint have no relation

13   to any conduct by defendant NTS who only recorded the notice of default upon the direction of

14   defendant CitiMortgage. As Shaw's second amended complaint failed to raise any allegations that

15   defendant NTS engaged in any inappropriate or unlawful conduct, the court finds that Shaw had no

16   reasonable grounds to keep NTS as a defendant in this action. Therefore, the court finds that an

17   award of attorney's fees is appropriate in this action under NRS §18.010(2)(b).

18        However, the court finds that an award of attorneys' fees shall be limited to work completed

19   since the date of the filing of the second amended complaint as it was upon the filing of the second

20   amended complaint and discussions between counsel that Shaw had no reasonable grounds to keep

21   defendant NTS in this action. Therefore, the court shall require NTS to file a supplement to the

22   present motion for attorneys' fees that limits the requested fees to work preformed after the filing of

23   the second amended complaint. Defendant NTS' supplement shall further contain a "reasonable

24   itemization and description of the work performed" in accordance with LR 54-16. The court notes,

25   however, that time spent drafting the supplement shall not be recoverable.

26   ///

**B.  Costs**

NTS also seeks an award of costs in the amount of $2,396.56. *See* Doc. #127. Rule 54 of the Federal Rules of Civil Procedure governs the awarding of costs to a prevailing part. *See* Fed. R. Civ. P. 54. In this district, a prevailing party seeking an award of costs must serve and submit a bill of costs to the clerk. *See* LR 54-1. Here, defendant NTS has not yet submitted its bill of costs to the court clerk. Therefore, the court shall not award costs at this time.

IT IS THEREFORE ORDERED that defendant's motion for attorney's fees (Doc. #127) is GRANTED in-part and DENIED in-part in accordance with this order. Defendant Northwest Trustee Services, Inc. shall have ten (10) days from entry of this order to file a supplement to the present motion for attorney's fees in accordance with this order. Plaintiff Leslie J. Shaw shall then have ten (10) days from the filing of the supplement to file a response, if any. Defendant Northwest Trustee Services, Inc. shall then have five (5) days to file a reply.

IT IS SO ORDERED.

DATED this 25th day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4