UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LESLIE J. SHAW,<br><br>   Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC.; *et al.*,<br><br>   Defendants. | 3:13-CV-0445-LRH-VPC<br><br>ORDER |

Before the court is plaintiff Leslie J. Shaw's ("Shaw") objection to defendant Northwest Trustee Services, Inc.'s ("NTS") bill of costs (Doc. #153[1]). Doc. #155. Defendant NTS filed a response to the objection. Doc. #158.

**I.   Facts and Procedural History**

This is a wrongful foreclosure and breach of contract action brought by Shaw against defendants. In 2003, Shaw obtained a residential loan from non-party Lehman Brothers Bank ("Lehman Brothers") for a property located in Zephyr Cove, Nevada. The loan was secured by a promissory note and deed of trust in favor of Lehman Brothers. Shortly thereafter, the loan was transferred from Lehman Brothers to defendant BNY in its trust capacity. At that time, defendant NTS was listed as the trustee under the deed of trust.

///

---

[1] Refers to the court's docket entry number.

1    Shaw initially made the requisite mortgage payments to non-party Aurora Loan Services
2    (who acted as loan servicer until June 2005) and then to defendant CitiMortgage, Inc.
3    ("CitiMortgage") until 2011. In May 2011, Shaw and CitiMortgage allegedly entered into a loan
4    modification agreement that reduced the monthly mortgage payments for the property. In July
5    2011, CitiMortgage allegedly repudiated the agreement and forwarded Shaw a new modification
6    agreement. Shaw refused this new agreement and CitiMortgage allegedly resolved Shaw's
7    mortgage account and re-booked his payments under the original May 2011 modification
8    agreement. In December 2011, CitiMortgage again allegedly repudiated the May 2011 loan
9    modification agreement. Thereafter, Shaw refused to make any loan payments and CitiMortgage
10   initiated non-judicial foreclosure proceedings on the property.

11   Subsequently, on July 26, 2013, Shaw filed a complaint against defendants for wrongful
12   foreclosure. Doc. #1, Exhibit 1. Shaw filed an amended complaint (Doc. #52) and then a second
13   amended complaint (Doc. #109). In his second amended complaint Shaw alleged eight (8) causes
14   of action against defendants: (1) declaratory relief against defendant Bank of New York;
15   (2) declaratory relief against defendant CitiMortgage; (3) breach of contract; (4) breach of the
16   covenants of good faith and fair dealing; (5) fraudulent misrepresentation; (6) negligent
17   misrepresentation; (7) interference with prospective economic advantage; and (8) violation of the
18   Real Estate Settlement Procedures Act. Doc. #109. In response, defendant NTS filed a motion to
19   dismiss Shaw's second amended complaint (Doc. #110) which was granted by the court
20   (Doc. #124). After dismissal, NTS filed a bill of costs seeking $2,396.56 for costs associated with
21   defending the action. Doc. #153. Thereafter, Shaw filed the present objection to the bill of costs.
22   Doc. #155.

23   **II.   Discussion**

24   Pursuant to the Federal Rules of Civil Procedure and the Local Rules, the prevailing party is
25   entitled to reasonable costs associated with litigating the action. FED. R. CIV. P. 54(a); LR 54-1. In
26   this district, a bill of costs must be filed with the court clerk within fourteen (14) days of judgment.

LR 54-1.

In his objection, Shaw contends that NTS's bill of costs is untimely because it was filed six months after NTS was dismissed as a defendant. *See* Doc. #155. The court disagrees. Although Shaw is correct that the bill of costs was filed six months after NTS was dismissed, Local Rule 54-1 only requires that the bill of costs be filed within fourteen days after *judgment* has been entered. Here, no judgment has been entered in this action. In fact, this action is still progressing against another defendant. Therefore, the court finds that the challenged bill of costs is timely and the court shall overrule Shaw's objection accordingly.

IT IS THEREFORE ORDERED that plaintiff's objection to the bill of costs (Doc. #155) is OVERRULED.

IT IS SO ORDERED.

DATED this 8th day of August, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE