UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LESLIE J. SHAW,

    Plaintiff,

v.

CITIMORTGAGE, INC.; *et al.*,

    Defendants.

3:13-CV-0445-LRH-VPC

ORDER

Before the court is defendant Northwest Trustee Services, Inc.'s ("NTS") supplemental motion for attorney's fees filed in response to the court's order initially granting attorney's fees (Doc. #151[1]). Doc. #154. Plaintiff Leslie J. Shaw ("Shaw") filed an opposition (Doc. #156) to which NTS replied (Doc. #157).

**I.    Facts and Procedural History**

This is a wrongful foreclosure and breach of contract action brought by Shaw against defendants. In 2003, Shaw obtained a residential loan from non-party Lehman Brothers Bank ("Lehman Brothers") for a property located in Zephyr Cove, Nevada. The loan was secured by a promissory note and deed of trust in favor of Lehman Brothers. Shortly thereafter, the loan was transferred from Lehman Brothers to defendant BNY in its trust capacity. At the time, NTS was listed as the trustee under the deed of trust.

---

[1] Refers to the court's docket entry number.

Shaw initially made the requisite mortgage payments to non-party Aurora Loan Services (who acted as loan servicer until June 2005) and then to defendant CitiMortgage, Inc. ("CitiMortgage") until 2011. In May 2011, Shaw and CitiMortgage allegedly entered into a loan modification agreement that reduced the monthly mortgage payments for the property. In July 2011, CitiMortgage allegedly repudiated the agreement and forwarded Shaw a new modification agreement. Shaw refused this new agreement and CitiMortgage allegedly resolved Shaw's mortgage account and re-booked his payments under the original May 2011 modification agreement. In December 2011, CitiMortgage again allegedly repudiated the May 2011 loan modification agreement. Thereafter, Shaw refused to make any loan payments and CitiMortgage initiated non-judicial foreclosure proceedings on the property.

Subsequently, on July 26, 2013, Shaw filed a complaint against defendants for wrongful foreclosure. Doc. #1, Exhibit 1. Shaw filed an amended complaint (Doc. #52) and then a second amended complaint (Doc. #109). In his second amended complaint Shaw alleged eight (8) causes of action against defendants: (1) declaratory relief against defendant Bank of New York; (2) declaratory relief against defendant CitiMortgage; (3) breach of contract; (4) breach of the covenants of good faith and fair dealing; (5) fraudulent misrepresentation; (6) negligent misrepresentation; (7) interference with prospective economic advantage; and (8) violation of the Real Estate Settlement Procedures Act. Doc. #109. In response, defendant NTS filed a motion to dismiss Shaw's second amended complaint (Doc. #110) which was granted by the court (Doc. #124). After dismissal, NTS filed the a motion for attorney's fees (Doc. #127) which was granted by the court (Doc. #151). As part of the court's order, defendant NTS was directed to file a supplemental motion for attorney's fees limiting the request for fees to work conducted after the filing of the second amended complaint. *See* Doc. #151. Thereafter, NTS filed the present supplemental motion for attorney's fees. Doc. #154.

///

///

**II.     Discussion**

In its supplemental motion, NTS seeks $7,911.50 in attorney's fees for work rendered in this action after the filing of the second amended complaint. *See* Doc. #154, Exhibit 1. As part of its supplement, NTS has submitted the requisite time breakdown as required by LR 54-16. *Id*. The court has reviewed the supplemental motion and finds that it complies with the court's order granting NTS's initial motion for attorney's fees. In that order, the court specifically limited the award of attorney's fees to work completed on behalf of defendant NTS "since the date of the filing of the second amended complaint" on August 25, 2014. Doc. #151. Defendant NTS has only requested fees for work completed after that time. *See* Doc. #154, Exhibit 1. Further, the court finds that the requested fees are reasonable in light of the limited amount of work performed by counsel and his staff (less than sixty hours total) and at rates regularly approved in this district ($195.00 per hour for attorney work and $85.00 per hour for paralegal work).

Shaw's sole argument in opposition is that NTS did not file the supplement within 10 days as required by the court's order. However, the court finds that the four day delay by NTS was excusable error based on a misapplication of the Nevada Rules of Civil Procedure rather than the Federal Rules of Civil Procedure. Further, the court finds that this four day delay did not prejudice Shaw as he was still able to file an opposition. Therefore, the court shall award NTS attorney's fees in the amount of $7,911.50.

///
///
///
///
///
///
///
///

3

1    IT IS THEREFORE ORDERED that defendant's supplemental motion for attorney's fees
2 (Doc. #154) is GRANTED. The clerk of court shall enter an award of attorney's fees in favor of
3 defendant Northwest Trustee Services, Inc. and against plaintiff Leslie J. Shaw in the amount of
4 seven thousand nine hundred eleven dollars and fifty cents ($7,911.50).
5    IT IS SO ORDERED.
6    DATED this 8th day of August, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE