UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LESLIE J. SHAW,

    Plaintiff,

v.

CITIMORTGAGE, INC.; et al.,

    Defendants.

3:13-CV-0445-LRH-VPC

ORDER

    Before the court is Plaintiff Leslie Shaw's ("Shaw") Motion in Limine (Doc. #185) to which Defendant CitiMortgage, Inc. ("CitiMortgage") filed a response (Doc. #187).

**I.  FACTS AND PROCEDURAL HISTORY**

    This is a wrongful foreclosure and breach of contract action brought by Shaw against multiple defendants. In 2003, Shaw obtained a residential loan from non-party Lehman Brothers Bank ("Lehman Brothers") for a property located in Zephyr Cove, Nevada. The loan was secured by a promissory note and deed of trust in favor of Lehman Brothers. Shortly thereafter, the loan was transferred from Lehman Brothers to defendant Bank of New York Mellon ("BNY") in its trust capacity. At the time, defendant Northwest Trustee Services, Inc. ("NTS") was listed as the trustee under the deed of trust.

    Shaw initially made the requisite mortgage payments to non-party Aurora Loan Services (who acted as loan servicer until June 2005) and then to defendant CitiMortgage until 2011. In May 2011, Shaw and CitiMortgage allegedly entered into a loan modification agreement that

1  reduced the monthly mortgage payments for the property. In July 2011, CitiMortgage allegedly
2  repudiated the agreement and forwarded Shaw a new modification agreement. Shaw refused this
3  new agreement and CitiMortgage allegedly resolved Shaw's mortgage account and re-booked his
4  payments under the original May 2011 modification agreement. In December 2011,
5  CitiMortgage again allegedly repudiated the May 2011 loan modification agreement. Thereafter,
6  Shaw refused to make any loan payments and CitiMortgage initiated non-judicial foreclosure
7  proceedings on the property.

8  Subsequently, on July 26, 2013, Shaw filed a complaint against defendants for wrongful
9  foreclosure. Doc. #1, Exhibit 1. Shaw filed an amended complaint (Doc. #52) and then a second
10 amended complaint (Doc. #109). In his second amended complaint Shaw alleged eight (8) causes
11 of action against defendants: (1) declaratory relief against defendant Bank of New York;
12 (2) declaratory relief against defendant CitiMortgage; (3) breach of contract; (4) breach of the
13 covenants of good faith and fair dealing; (5) fraudulent misrepresentation; (6) negligent
14 misrepresentation; (7) interference with prospective economic advantage; and (8) violation of the
15 Real Estate Settlement Procedures Act. Doc. #109. Defendant NTS was dismissed from the
16 action on January 14, 2015 (Doc. #124), and defendant BNY was dismissed on February 5, 2015
17 (Doc. #128), leaving CitiMortgage as the sole remaining defendant. On March 13, 2016, Shaw
18 filed the present motion in limine (Doc. #185), to which CitiMortgage replied on March 22, 2016
19 (Doc. #187). Trial in this matter is currently scheduled for Tuesday, May 3, 2016.

20 **II.    DISCUSSION**

21 Shaw's present Motion in Limine requests that the court order attorney Colt B. Dodrill
22 ("Attorney Dodrill") of Wolfe & Wyman, LLP, one of the attorneys of record for defendant
23 CitiMortgage, be present to testify at trial concerning certain conversations between himself and
24 Shaw. *See* Doc. #185.  Limited legal authority has been cited by plaintiff to support an order by
25 the court compelling a prospective witness to appear at trial. However, the court notes that
26 pursuant to Federal Rule of Civil Procedure 45, a district court may issue an order authorizing a
27 *subpoena* compelling a distant in-state witness to appear at trial.

28

Pursuant to Fed. R. Civ. P. 45(c)(1)(B), subpoenas may be issued by the court clerk and served on a witness if the district court is (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the same state where the witness resides, is employed, or regularly transacts business in person, and that person (i) is either a party or a party's officer, or (ii) is commanded to attend a trial and would not incur substantial expense. *See* Fed. R. Civ. P. 45(c)(1)(A), (B). Because Attorney Dodrill does not reside within 100 miles of the Reno federal courthouse, subsection (c)(1)(A) of Rule 45 does not apply. However, subsection B of Rule 45(c)(1)(B) is applicable in this action because Attorney Dodrill resides and works in the state of Nevada, Shaw has made a threshold showing that Attorney Dodrill's testimony is relevant in this matter, and Attorney Dodrill would not incur a substantial expense to attend trial either in person in Reno, or via video conference from the federal courthouse in Las Vegas. For these reasons, the court finds that it is within its discretion and will approve a subpoena which would compel Attorney Dodrill to testify at the trial currently scheduled for Tuesday, May 3, 2016. Therefore, the court shall grant Shaw's motion in part and approve a subpoena compelling Attorney Dodrill to testify at trial. Upon service or acceptance of service, Attorney Dodrill will then have the option of testifying in person in Reno, or via video conference from the federal courthouse in Las Vegas. If Attorney Dodrill chooses to testify by video from the federal courthouse in Las Vegas, he shall contact Courtroom Deputy Clerk Dionna Negrete by 3:00 p.m. Monday, May 2, 2016, at (775) 686-5829 or dionna_negrete@nvd.uscourts.gov to confirm appropriate arrangements for his video testimony at a time during the presentation of plaintiff's case in chief.

IT IS THEREFORE ORDERED that Shaw's motion in limine (Doc. #185) is GRANTED IN PART in accordance with this order.

IT IS SO ORDERED.

DATED this 26th day of April, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3