UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LESLIE J. SHAW,

    Plaintiff,

v.

CITIMORTGAGE, INC.; et al.,

    Defendants.

3:13-CV-0445-LRH-VPC

ORDER

        Before the court is Defendant CitiMortgage, Inc.'s ("CitiMortgage") Motion in Limine (Doc. #186), to which Plaintiff Leslie Shaw ("Shaw") filed a response (Doc. #188).

**I.    FACTS AND PROCEDURAL HISTORY**

        This is a wrongful foreclosure and breach of contract action brought by Shaw against multiple defendants. In 2003, Shaw obtained a residential loan from non-party Lehman Brothers Bank ("Lehman Brothers") for a property located in Zephyr Cove, Nevada. The loan was secured by a promissory note and deed of trust in favor of Lehman Brothers. Shortly thereafter, the loan was transferred from Lehman Brothers to defendant Bank of New York Mellon ("BNY") in its trust capacity. At the time, defendant Northwest Trustee Services, Inc. ("NTS") was listed as the trustee under the deed of trust.

        Shaw initially made the requisite mortgage payments to non-party Aurora Loan Services (who acted as loan servicer until June 2005) and then to defendant CitiMortgage, Inc. ("CitiMortgage") until 2011. In May 2011, Shaw and CitiMortgage allegedly entered into a loan

1 modification agreement that reduced the monthly mortgage payments for the property. In July 2011, CitiMortgage allegedly repudiated the agreement and forwarded Shaw a new modification agreement. Shaw refused this new agreement and CitiMortgage allegedly resolved Shaw's mortgage account and re-booked his payments under the original May 2011 modification agreement. In December 2011, CitiMortgage again allegedly repudiated the May 2011 loan modification agreement. Thereafter, Shaw refused to make any loan payments and CitiMortgage initiated non-judicial foreclosure proceedings on the property.

Subsequently, on July 26, 2013, Shaw filed a complaint against defendants for wrongful foreclosure. Doc. #1, Exhibit 1. Shaw filed an amended complaint (Doc. #52) and then a second amended complaint (Doc. #109). In his second amended complaint Shaw alleged eight (8) causes of action against defendants: (1) declaratory relief against defendant Bank of New York; (2) declaratory relief against defendant CitiMortgage; (3) breach of contract; (4) breach of the covenants of good faith and fair dealing; (5) fraudulent misrepresentation; (6) negligent misrepresentation; (7) interference with prospective economic advantage; and (8) violation of the Real Estate Settlement Procedures Act. Doc. #109. Defendant NTS was dismissed from the action on January 14, 2015 (Doc. #124), and defendant BNY was dismissed on February 5, 2015 (Doc. #128), leaving CitiMortgage as the sole remaining defendant.

On March 16, 2016, CitiMortgage filed the present motion in limine (Doc. #186), to which Shaw filed a response (Doc. #188). Trial in this matter is currently scheduled for Tuesday, May 3, 2016.

**II.    LEGAL STANDARD**

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1 (2012). The decision on a motion in limine is consigned to the district court's discretion - including the decision of whether to rule before trial at all. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the evidentiary issues at trial, where the evidence can be viewed in its "proper context"). Motions in limine should not be used to resolve factual disputes or to weigh evidence, and evidence should

not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Even then, rulings on these motions are not binding on the court, and the court may change such rulings in response to developments at trial. *See Luce v. United States*, 469 U.S. 38, 41 (1984).

Generally, all relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008). However, the court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

**III.   DISCUSSION**

In its motion in limine, CitiMortgage seeks to exclude the following twenty-one (21) separate categories of evidence or argument at trial: (1) evidence from previously dismissed claims; (2) evidence of claims for relief already dismissed; (3) evidence of other litigation involving CitiMortgage; (4) evidence related to dismissed defendants BNY and NTS; (5) evidence of non-judicial foreclosure proceedings related to the property at issue; (6) evidence of CitiMortgage's compliance with law; (7) evidence outside of the three designated expert opinions of Shaw's expert Daniel Leck; (8) evidence regarding Daniel Leck's expert opinion on "distressed sales" in the marketplace, such as short sales, and home pricing trends since April 3, 2013; (9) evidence of the value of the subject property; (10) evidence relating to the enforceability of the subject loan; (11) evidence of attorney fees and costs incurred by Shaw prior to July 18, 2014; (12) evidence of Shaw's alleged emotional distress; (13) evidence relating to payments made to CitiMortgage on the subject loan; (14) evidence of lost rental damages;

3

(15) evidence of repair costs and loss of use damages to the subject property; (16) evidence relating to the 2008 financial crisis; (17) bifurcation of punitive damages; (18) evidence of CitiMortgage's financial condition; (19) evidence regarding Shaw's communication with CitiMortgage's counsels of record during the pendency of this litigation; (20) illustrative or demonstrative evidence not previously agreed upon by the parties; and (21) any witness or exhibit not previously disclosed in discovery. *See* Doc. #186.

As a preliminary matter, the Court notes that trial in this case will be a bench trial. Because of this, the Court will be in a better position to rule upon challenges to witnesses and evidence during the course of trial when there will be more context and a fuller understanding of the issues and evidence in the case. "Where the gatekeeper and the factfinder are one and the same—that is, the judge—the need to make such decisions prior to hearing the testimony is lessened." *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006). A primary purpose of a motion in limine is to permit the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury. *See Pinal Creek Group v. Newmont Mining Corp.*, No. CV–91–1764–PHX–DAE, 2006 WL 1766494, at * 1 (D. Ariz. June 26, 2006). In resolving evidentiary disputes before trial, motions in limine avoid the need to "unring the bell" once inadmissible evidence has been presented to the jury. *Id.* (internal quotation marks and citation omitted).

The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only upon competent evidence. *Id.* When ruling on motions in limine, a court is forced to determine the admissibility of evidence without the benefit of the context of trial. *See LaConner Assocs. Ltd. Liab. Co. v. Island Tug and Barge Co.*, No. C07–175RSL, 2008 WL 2077948, at *2 (W.D. Wash. May 15, 2008); *Rettiger v. IBP, Inc.*, No. 96–4015–SAC, 1999 WL 318153, at * 1 (D. Kan. Jan.6, 1999) (recognizing that a court is almost always better situated during the actual trial to assess the value and utility of evidence). Moreover, because "the judge rules on this evidentiary motion, in the case of a bench trial, a threshold ruling is generally superfluous." *United States v. Heller*, 551 F.3d 1108, 1112 (9th Cir. 2009). The more prudent course in a bench trial, therefore, is to

resolve evidentiary doubts in favor of admissibility. *See Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01 Civ 3796(PKL), 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004). "There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005).

1. **Evidentiary Exclusions Based Solely on Relevance and/or Unfair Prejudice**

CitiMortgage requests that the court exclude sixteen (16) categories of evidence based solely on relevance and/or unfair prejudice. These categories of evidence include: evidence from previously dismissed claims, evidence of claims no longer at issue at trial, evidence of other litigation involving CitiMortgage, evidence related to dismissed defendants, evidence of non-judicial foreclosure proceedings on the subject property, evidence of CitiMortgage's compliance with federal and state law, evidence of the subject property's value, evidence relating to the enforceability of the subject loan, evidence of attorney's fees, evidence of emotional distress damages, evidence of payments made to CitiMortgage on the underlying loan, evidence of rental loss damages, evidence of repair and loss of use costs, evidence relating to the 2008 financial crisis, illustrative or demonstrative evidence not jointly agreed upon by the parties, and undisclosed witnesses or exhibits. *See* Doc. #186.

Generally, a motion in limine based solely on relevance or unfair prejudice is improper when the matter is set for a bench trial. *See Pinal Creek Group*, 2006 WL 1766494, at *1. Further, as the fact finder in this action, the court will be able to make any evidentiary rulings at trial when the court will be better situated to assess the relevance, prejudice, and utility of the challenged evidence in context. Accordingly, the court shall deny these evidentiary challenges without prejudice.

2. **Expert Witness Testimony**

CitiMortgage next requests that the court exclude certain testimony by Shaw's expert, Daniel Leck ("Leck"). Specifically, CitiMortgage requests the court exclude any testimony by Leck falling outside the scope of his expert reports or that he cannot substantiate with personal knowledge. Further, CitiMortgage argues that Leck should be precluded from proffering an

5

expert opinion on "Distressed Sales" in the marketplace, such as short sales, as well as home pricing trends since April 3, 2013, as he does not possess specific and particular knowledge of this subject area.

In his opposition, Shaw states that he has no intention of introducing or seeking testimony from Leck that is outside the scope of his expert report or for which he does not have expert knowledge in the subject area. Therefore, because Shaw has indicated that Leck will not testify to the challenged subject areas, the court shall deny these evidentiary challenges without prejudice. If issues related to the testimony of Leck arise at trial, CitiMortgage can raise any objections at that time.

### 3. **Punitive Damages**

CitiMortgage also requests that the court bifurcate the trial into two separate phases - a liability phase and a punitive damages – and exclude evidence related to punitive damages including its financial condition from the liability phase of the trial.

Generally, "Nevada law requires bifurcation of the punitive damages phase of a trial." In re USA Commerical Mortgage Co., No. 2:07-CV-00892-RCJ, 2010 WL 4702341, at *2 (D. Nev. Nov. 12, 2010). The purpose of bifurcating a trial is to prevent prejudice to a defendant by allowing evidence of its financial condition to be presented to a jury when there has not yet been a finding that punitive damages are warranted. As this is a bench trial before the court, the purpose behind bifurcation is already served where the court is the factfinder. Therefore, the court shall deny CitiMortgage's request for bifurcation and for exclusion of evidence related to punitive damages.

### 4. **Protected Settlement Negotiations**

CitiMortgage's final argument is that the court should exclude any communications between Shaw and Attorney Colt Dodrill or CitiMortgage's other counsels of record during the pendency of this litigation on the basis of attorney client privilege and on the basis of these communications being protected settlement conference communications under Federal Rule of Evidence 408.

1  The court shall deny CitiMortgage's motion in limine as to this challenge without
2  prejudice and reserve this issue for trial. At this time the court does not know what evidence or
3  testimony is being sought and, as such, cannot determine whether any of this amorphous
4  evidence constitutes attorney client privilege or protected settlement conference
5  communications. If any specific issues arise at trial related to evidence that should be excluded
6  for either of these reasons, CitiMortgage can make appropriate objection at that time.

8  IT IS THEREFORE ORDERED that defendant's motion in limine (Doc. #186) is
9  DENIED without prejudice.
10  IT IS SO ORDERED.
11  DATED this 26th day of April, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE