1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                               DISTRICT OF NEVADA
8                                      * * *
9    LESLIE J. SHAW,
10                    Plaintiff,
11          v.                                    Case No. 3:13-cv-0445-LRH-VPC
12   CITIMORTGAGE. INC.; *et al.*,                ORDER
13                    Defendants.
14
15

16          Before the court is plaintiff Leslie J. Shaw's ("Shaw") motion for attorney's fees.

17   ECF No. 224. Defendant CitiMortgage, Inc. ("CMI") filed an opposition (ECF No. 229) to

18   which Shaw replied (ECF No. 232).

19   **I.      Facts and Procedural Background**

20          This is a breach of contract action arising from a residential loan modification agreement

21   between plaintiff Shaw and defendant CMI. In mid-2011, the parties executed a loan

22   modification agreement on Shaw's residential home loan, but CMI breached the agreement

23   prompting Shaw to stop making payments on his modified loan. Shaw then fell into default and

24   CMI initiated non-judicial foreclosure proceedings in early 2013.

25          On July 26, 2013, Shaw filed a complaint against CMI. ECF No. 1, Exhibit A, p. 8-19.

26   On April 3, 2014, Shaw filed an amended complaint. ECF No. 52. Subsequently, on August 25,

27   2014, Shaw filed a second amended complaint against CMI alleging eight causes of action.

28   ECF No. 109. A bench trial was held on Shaw's claims from May 3 through May 5, 2016. *See*

ECF Nos. 203-05. On August 17, 2016, the court issued an order finding in favor of plaintiff Shaw and against defendant CMI on several of Shaw's claims. See ECF No. 209. The next day, August 18, 2016, judgment was issued in favor of Shaw and against CMI in the amount of $239,850.00 for Shaw's state law claims, $6,000.00 for Shaw's federal claim under the Real Estate Settlement Procedures Act, and $719,550.00 for punitive damages. ECF Nos. 210-214. Thereafter, Shaw, as the prevailing party in this action, filed the present motion for attorney's fees. ECF No. 224.

## II.   Discussion

This is a combined federal question and diversity action. Because this action is founded on both federal question and diversity jurisdiction, federal law applies to Shaw's request for attorney's fees related to and arising from his sole federal claim for violation of the Real Estate Settlement Procedures Act ("RESPA") and Nevada state law applies to Shaw's request for fees under his state law claims. *See In re: USA Commer. Mortg. Co.*, 802 F. Supp. 2d 1147, 1178 (holding that Nevada law applies to a determination of whether to award fees on claims based on Nevada law); *Walker v. North Las Vegas Police Dep't.*, 2016 WL 3536172, at *1 (D. Nev. 2016) ("In federal question cases, federal law governs the calculation of attorneys' fees.").

Under RESPA, a prevailing party may recover "the costs of the action, together with any [attorney's] fees incurred in connection with such as action as the court may determine to be reasonable under the circumstances." 12 U.S.C. § 2605(f)(3). As Shaw is the prevailing party in this action, the court finds that Shaw is entitled to seek an award of reasonable fees under RESPA.

Additionally, under Nevada law, a court may issue, in its discretion, an award of attorney's fees to the prevailing party "when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party." NRS § 18.010(1)(b). A district court sitting in diversity liberally construes the provisions of Nevada's fee statute "in favor of awarding attorney's fees in all appropriate situations." *Id.* Further, it is the specific intent of the Nevada legislature "that the court award attorney's fees pursuant to this paragraph . . . in all

appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public." *Id.* As addressed in depth in the court's findings of fact and conclusions of law, the court has found that defendant CMI's defense that Shaw did not have a valid and legally binding loan modification agreement in May 2011 was without merit and was brought without a reasonable basis. Further, CMI's position regarding the invalidity of the May 2011 loan modification agreement prior to and throughout this litigation was intended to harass Shaw and impede the reasonable resolution of the parties' dispute. Therefore, the court also finds that Shaw is entitled to seek an award of attorney's fees under Nevada law.

Once a party has established its entitlement to an award of attorney's fees under an applicable statute, the court must then determine the reasonableness of such an award. *In re: USA Commer. Mortg. Co.*, 802 F. Supp. 2d at 1178. In his motion, Shaw requests attorney's fees in the amount of $439,091.00 based upon the expected contingency fee that Shaw's counsel is to receive from the court's judgment. *See* ECF No. 224. In the Ninth Circuit, however, an award of attorney's fees is calculated using the "lodestar" method, which is derived from multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the work performed. *In re: USA Commer. Mortg. Co.*, 802 F. Supp. 2d at 1178; *see also, GCM Air Group, LLC*, 2009 U.S. Dist. LEXIS 58152, at *4 (D. Nev. 2009). Because Shaw's motion seeks attorney's fees under a standard that is not accepted in the Ninth Circuit, the court shall deny Shaw's present motion for attorney's fees without prejudice and allow Shaw to file a renewed motion for attorney's fees under the appropriate legal standard. Any new motion for attorney's fees shall comply with all the requirements of Local Rule 54-16.

///

///

///

///

///

1    IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees (ECF No. 224)

2  is DENIED without prejudice.

3    IT IS FURTHER ORDERED that plaintiff shall have ten (10) days from entry of this

4  order to file a renewed motion for attorney's fees in accordance with this order, if any.

5    IT IS SO ORDERED.

6    DATED this 3rd day of November, 2016.

8  LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE